## THEODORE RENTZ ET AL. v. CITY OF DETROIT.

*Street opening—Review on certiorari—Apportionment of damages—Assessment—Costs.*

Proceedings to open a street were taken under Act 201 of 1877 and were confirmed although the damages had not been properly apportioned among the parties affected. The statute allows five days for taking an appeal, but this was not done. More than six months after the confirmation of the proceedings, and after most of the assessments had been collected, they were brought up on *certiorari* for review, but after the writ was issued the complaining parties paid the damages assessed against them. *Held,* that they thereby waived the error, and the writ was dismissed.

In proceedings to open a street under Act 201 of 1877 the jury should apportion damages between owners, mortgagees, lessees, etc., so that each can receive a warrant for the specific sum to which he is entitled. But acceptance of the sums awarded waives the error of neglecting to do this, and the persons interested are presumed to have agreed upon an apportionment among themselves.

One who attacks a street-opening assessment for his failure to obtain merely trivial or nominal damages must proceed with special alacrity to entitle himself to the intervention of a court.

In street-opening proceedings under Act 201 of 1877 the jury should make a separate assessment against each parcel of land included in the assessment district designated by the council.

Costs on dismissal of a writ of *certiorari* were nevertheless allowed to the plaintiffs therein where legal cause therefor existed at the time the writ was taken out.

Certiorari to the Recorder's Court of Detroit. Submitted June 9. Decided June 14.

*Maybury & Conely* and *Conely & Lucking* for plaintiff in certiorari. The right to assess the cost of opening a street on persons affected thereby depends on the legality of the steps to condemn and get title to the land: *Powers' Appeal* 29 Mich. 508; *Brush v. Detroit* 32 Mich. 43; and everything essential must appear of record: *Turner v. Stanton* 42 Mich. 506; and all persons having separate interests must be made parties, and their interests severally

paid for: *Chic. & Mich. L. S. R. R. v. Sanford* 23 Mich 418, 427–8; *Rex v. Manning* 1 Burr. 377; *Mich. Air Line Rw. v. Barnes* 40 Mich. 383–4–5; *N. Pa. R. R. v. Davis* 26 Penn. St. 238, 40–1; *Dyer v. Wightman* 66 Penn. St. 425; when the writ of certiorari has once been issued by a competent officer on a sufficient showing, the court will not dismiss it, as improvidently granted: *Rowe v. Rowe* 28 Mich. 353–4; nor for laches in issuing it, unless meanwhile rights have grown up in reliance on the proceeding questioned: *Willson v. Gifford* 42 Mich. 454.

City Counselor *Henry M. Duffield* for defendant in certiorari. Unreasonable delay in suing out a writ of *certiorari* to bring up proceedings for opening a street is ground for dismissing it where no notice was given of any intention to appeal and the defendant had therefore paid damages assessed: *In re Lantis* 9 Mich. 324; *Wilder v. Hubbell* 43 Mich. 487; and the writ should not be allowed where an appeal lies unless there has been a failure of justice: *Farrell v. Taylor* 12 Mich. 113.

COOLEY, J. The writ of *certiorari* issued in this case brings up for review the proceedings had in the Recorder's Court of Detroit for the opening of Arch street to Grand River avenue.

The proceedings were instituted under the act of 1877, Public Acts 1877, p. 246. Four parcels of land were required for the purpose. In the first two persons had interests as joint owners of the fee, one as dowress, one as mortgagee and one as lessee. The damage to this was assessed at the gross sum of $550. In the second the interests were the same as in the first, and the damages were assessed at $2450. The third was owned by one person exclusively, whose damages were assessed at $999. In the fourth two persons were concerned as owners of the fee and one as lessee, and the damages were assessed at one dollar. The assessment district as fixed by the common council included one hundred and twelve parcels of land. Against seventy-nine of these the jury made assessments and against.

the others none. The proceedings of the jury were confirmed in the Recorder's Court June 30, 1881. Affidavit for *certiorari* was made January 18, 1882.

All the plaintiffs in error were personally served with notice as required by the statute, but Patrick Lynch alone defended. The assessment against him is $20. The only interest Nicholson has in the proceedings is that of lessee of the fourth parcel, and entitled to share in the one dollar damages assessed in respect to it. The other plaintiffs in error are assessed for the cost of the improvement, with a large number who do not appear to complain.

The substantial errors relied upon are:

1. That the petition by which the proceedings were initiated did not allege the particular and specific interests of the mortgagees and lessees of the parcels to be taken.

2. That the jury by their verdict did not apportion or award to the various parties interested in the several parcels of land to be taken the damages and compensation severally.

3. That the jury did not assess any sum whatever on many of the parcels included in the assessment district.

On the other hand the city insists that the writ of *certiorari* should be dismissed as improvidently issued; and an affidavit is filed showing that before the writ was sued out all the parties to whom assessments were made for land taken had been paid, and that of the assessments for the cost of the improvement considerably more than three-fourths had been collected.

We think the motion to dismiss should be granted. The statute gives to aggrieved parties an appeal to be taken within five days; the result of which would be likely to affect all concerned equally and therefore justly. These parties have elected not to appeal, but to wait until the city and the majority of the persons taxed have made their payments respectively, and then resort to a remedy from which, if succesful, injustice and inequality must flow of necessity. They wait until the improvement is apparently secured, and then move to escape their just share of the burden. This should not be suffered unless reasons require it more imperative than appear in this record.

The proceedings were undoubtedly erroneous in this case.

1. The jury should have apportioned the damages between the owners of a lot, and those having interests as mortgagees, lessees or otherwise, so that each could receive a warrant for the specific sum to which he was entitled. But the error in this particular was waived when the parties concerned accepted the sums awarded. It is presumed they agreed upon an apportionment between themselves. Parkinson, the only one who is complaining in this proceeding, was entitled to share in one dollar only, so that his grievance could not have been very serious if the others had obtained the whole of it. A party attacking an assessment for so slight a wrong may well be required to move with special alacrity.

2. We agree with the plaintiffs in *certiorari* that an assessment should have been made against each parcel of the land. The common council define the special taxing district, and compose it of the property which in their opinion will be benefited by the proposed improvement: Public Acts 1877, p. 246, § 2; and the jury "assess and apportion the total damages and compensation to be paid for the private property so taken upon the lots and parcels and subdivisions thereof within the assessment district fixed by the common council or board of trustees, which will be benefited by the improvement, in proportion to the benefits they will severally receive." Id. p. 249, § 14. To omit a portion of the lots from the assessment would in legal effect be to establish an assessment district different from that prescribed by the common council; and this the jury have no power to do. But if the jury believe that the benefit to some lots will, as compared with that to the others, be merely nominal, they have a right to make a merely nominal assessment; and the error which consists in failing to make a merely nominal award is not of sufficient substance to demand our intervention at this late day. See *Hickey v. Baird* 9 Mich. 32.

The writ will be dismissed with costs.

GRAVES, C. J. and CAMPBELL, J. concurred.

Afterwards, on June 27, the following opinion was filed :

COOLEY, J. When this case was decided an erroneous statement in one of the briefs that the sums assessed to landowners and others for damages had been paid before the writ issued, was taken for true, and the judgment was in part based upon it. An inspection of the files discloses the fact that the payment was subsequent to the writ. The question now arises whether the judgment should have been the same had the fact been understood. We are of opinion that upon the merits it should. The persons to whom · damages were assessed had the right to waive the error, which consisted in a failure to apportion the damages between them, and they might do this as well after the writ was sued out as before.

But we awarded costs to the city, and this we think should be changed. As the proceedings stood when the writ was sued out, there was very substantial error, and it could not then be known that the error would be waived. The writ was therefore for legal cause, and though the subsequent waiver justifies us in dismissing the writ, we think complainants are entitled to their costs.

GRAVES, C. J. and CAMPBELL, J. concurred.