## IN RE WASHINGTON STREET.

The act of February 22, 1854, in relation to laying out streets in the city of Providence, called the "Betterment Act," provides that upon the coming in of the commissioners' report the court shall confirm the same, or refer it in whole or in part to the commissioners, for revisal or correction, or to new commissioners, as the court may think fit, until a report shall be made which the court shall confirm.

In proceedings under the act the error of the commissioners in awarding one entire sum to the owners, lessees and parties interested in certain land taken, instead of setting out in their report the loss and damage over and above the benefit and advantage to the respective owners, lessees and parties interested separately to each as required by the act, does not affect the jurisdiction of the commissioners, but is a mere irregularity which is cured by the recommitment of the report to the commissioners and its amendment by them under the provisions of the act.

Where portions of the commissioners' report are recommitted for revisal and correction on account of such irregularity an amended report when filed by them relates back to the filing of the original report, and the amended awards contained in it become in legal effect the same as if in the original report.

Hence, upon the election of the city council of the city of Providence, within sixty days after the commissioners filed their first report, to make the improvement described in the report, as provided by Pub. Laws R. I. cap. 991, § 1, although such election is made prior to the filing of the amended report, the city of Providence under the act of February 22, 1854, becomes seized of the land affected by the amended report.

Where an order of court recommitting the commissioners' report states upon whose motion such order is made, the recital is conclusive of the matter.

If parties interested in proceedings under the Act of February 22, 1854, permit the commissioners' report to be recommitted for revisal and correction on account of any irregularity therein without objection, they must be considered as having consented to the recommitment, and to have waived all exception to any such irregularity.

STATUTORY PROCEEDINGS to lay out highways.     On motion to dismiss the proceedings.

*July* 19, 1895.    MATTESON, C. J.    This is a proceeding under the act of February 22, 1854, entitled "An Act in relation to Laying Out, Enlarging, Straightening or otherwise Altering Streets in the City of Providence," [1] commonly called the "Betterment Act," and the several acts in amendment thereof.    The purpose of the proceeding is the layout and widening of Washington street in Providence, between

---

[1] Printed in 4 R. I. 230 *et seq.*

Eddy and Walker streets. Commissioners were appointed as provided in the act by a decree of this court entered October 22, 1892. They made their report to the court May 3, 1894. In this report, among the estimates of the loss and damage over and above the benefit and advantage accruing to the owners and parties interested in the lands taken for the widening of the street, was the following :

"To Abby A. Billings, Mary C. Billings, Tobias Burke, assignees of the lessees, on lot 355, plat 25, three thousand, nine hundred and sixty-two dollars,       $3962.00."

On June 25, 1894, the city council of Providence elected to make the improvement. The act provides that the commissioners shall set forth in their report, not only the names of the respective owners, lessees, parties and persons interested in the lands, tenements, hereditaments and premises and an apt and sufficient designation or description of the respective lots or parcels of lands and tenements, hereditaments and premises required for the improvement, but also the loss and damage, benefit and advantage, to *each*. It further provides that on the coming in of the report, the court shall, after giving notice to the parties interested and after hearing any matter alleged against the same, either confirm the same or refer it, in whole or in part, to the commissioners for revisal and correction, or to new commissioners, as the court may think fit, who shall return the same to the court without unnecessary delay, which shall be confirmed or again referred as aforesaid, as right and justice shall require, until a report shall be made which the court shall confirm. Portions of the report, including that relating to Abby A. and Mary C. Billings and Tobias Burke, quoted above, not being in conformity to the requirement of the statute, in that they did not set forth the loss and damage to the respective owners, lessees and parties interested separately to each, but awarded one entire sum to the owners, lessees, and parties interested in the lands required, though their interests were distinct, were committed by the court, in accordance with this provision of the statute, to the commissioners for revisal and correction. On February 8, 1895,

the commissioners filed their amended report, by which they apportioned the sum awarded to Abby A. Billings, Mary C. Billings and Tobias Burke as aforesaid, as follows :

"To Abby A. Billings & Mary C. Billings          $3702.00
"To Tobias Burke, assignee of the lessees          $260.00
    "On lot 355, Plat 25,
                                    "Total          $3962.00"

On March 30, 1895, Tobias Burke moved to dismiss the proceeding and on April 1, 1895, a like motion was filed by Abby A. and Mary C. Billings. These motions were on June 1, 1895, overruled by the Common Pleas Division, in which the proceeding has been pending since the Judiciary Act took effect. Thereupon, the moving parties filed their petitions for new trials of their motions.

Pub. Laws R. I. cap. 99, § 3, of April 26, 1872, amending the act of February 22, 1854, provides that notice be given by the city clerk upon the filing in court of the report to all persons named in it, to the effect that all persons aggrieved by the report must file with the clerk of the court a notice in writing of intention to claim a jury trial; § 2 of the same chapter provides that any person so aggrieved shall within thirty days from the reception by him of such notice file with the clerk of the court a notice of his intention to claim a jury trial and that in case of a failure so to do he shall not be entitled to a jury trial. Section 1 of the same chapter provides that the city council of Providence, within sixty days after the commissioners have filed their first report in court, shall elect whether they will make the improvement described in the report or not, and the original act provides that after such election the city of Providence shall become seized of all the lands, tenements, hereditaments and premises mentioned in the report required for the improvement.

It is argued in support of the petitions that in proceedings of the nature of the one under consideration there must be a strict compliance with the terms of the statute which are made for the benefit and protection of the individual whose property is taken against his will; that in the present in-

stance there was no strict compliance with the statute with
reference to the property of the petitioners, since the commis-
sioners disregarded the plain and unquivocal command of the
statute to set forth in their report the names of the respec-
tive owners, lessees, parties and persons interested in the
lands, tenements and premises proposed to be taken and an
apt and sufficient designation or description of the respective
lots or parcels of lands, tenements, hereditaments and premises
so proposed to be taken, with the loss and damage, benefit
and advantage to *each* of such owners, lessees, parties and
persons interested, but instead of so doing made a joint
award to the said Abby A. and Mary C. Billings and Tobias
Burke, the interest of Burke being a leasehold interest, dis-
tinct from that of Abby A. and Mary C. Billings as the
owners of the lot; that such an award was no award, both
because contrary to the statute and also because contrary to
the general rule of law that where there are distinct estates
or interests in the same tract such as leaseholds, life estates,
mortgage interests and the like, there should be a separate
award to the owner of each estate or interest; Lewis on
Eminent Domain, § 575; *Rentz* v. *Detroit*, 48 Mich. 544;
that there is no provision of the statute whereby the city can
acquire any seizin of the lands except on the election of the city
council to make the improvement within sixty days after the
commissioners shall have made their first report, which elec-
tion was made by a vote of the city council passed June 25,
1894; and, hence, that all the land that the city acquired
for the improvement it acquired by the proceedings prior to
and on June 25, 1894; that if these proceedings were regular
as to the land in question, it was taken; otherwise not.

The argument is plausible rather than convincing. The
fallacy of it is that it regards the recommitment of the re-
port and its amendment as a distinct and independent step
in the proceedings and as having no effect on the prior pro-
ceedings because subsequent in time. The errors of the com-
missioners in not apportioning the awards in the several
instances among the several persons interested in lands re-
quired to be taken, according to their respective interests as

owners, or as holders of leasehold, or mortgage interests, did not affect their jurisdiction, but was a mere irregularity which was cured by the recommitment of the report in accordance with the statute and its amendment by the commissioners. When the amended report was filed it related back to the filing of the original report. The amended awards contained in it became in legal effect the same as if in the original report. The proceedings were thereby not only made to conform to the statute but to conform to it as of the date of the filing of the original report, and so to constitute a sufficient basis for the election of the city council to make the improvement and the seizin of the city of the land required consequent on that election. This was apparently the view of the effect of a recommitment of the report and its amendment entertained by the court in *Tingley* v. *City of Providence*, 9 R. I. 388.

But were this otherwise, the petitioners are in no position to take advantage of the defect. The order recommitting the report recites that it was made "upon motion of parties interested to recommit and refer portions of said report affecting the respective interests of said several parties to said Commissioners for revisal and correction as to such portions," &c. There was a dispute at the hearing as to the correctness of this recital, the petitioners contending that the recommitment was on the motion of the city solicitor, and not of themselves. We think that the recital or the record must be regarded as conclusive of the matter, but we do not deem it material; for it does not appear that any exception was taken by the petitioners to the recommitment of the report, even if such action was taken on motion of the city solicitor. The recommitment must be considered, therefore, as made with their acquiescence or consent, if not on their motions. They ought not to be permitted now that the commissioners have proceeded to act under the recommitment and have returned their amended report to urge the objection. Where an irregularity has been committed, a party knowing of it who consents to a proceeding which he might have prevented by resisting it on that account, waives thereby all exception

to such irregularity. *Tingley* v. *City of Providence*, 9 R. I. 388, 389 ; *Patton* v. *Hughesdale Manuf. Co.*, 11 R. I. 188, 189 ; *Rogers* v. *Cruger*, 7 Johns. 611. And it matters not that the irregularity is the failure to observe or perform a statutory requirement ; for a statutory or even a constitutional provision may be waived· by one entitled to the benefit of its observance or performance. Lewis on Eminent Domain, § 531 ; Cooley's Const. Lim. 214 ; *Huntress* v. *Effingham*, 17 N. H. 585 ; *Stevens* v. *Goffstown*, 21 N. H. 454 ; *Embury* v. *Connor*, 3 N. Y. 511 ; *Lee* v. *Tillotson*, 24 Wend. 337 ; *Application of Cooper*, 93 N. Y. 507.

The petitioners filed notice of their intention to claim jury trials within the thirty days prescribed by Pub. Laws, R. I. cap. 991, § 2, of April 26, 1872, and their demands for a jury trial in accordance with such notice, so that it is unnecessary to consider the question whether in the absence of such a notice of intention and claim seasonably filed after notice of the filing of the original report, the court has power to grant a jury trial to a party aggrieved by the amended report on the filing of such report.

Petition for new trial denied and dismissed and proceeding remitted to the Common Pleas Division.

*Edmund S. Hopkins & Irving Champlin*, for Abby A. and Mary C. Billings.

*John W. Hogan, Stephen O. Edwards & Walter F. Angell*, for Tobias Burke.

*Francis Colwell*, City Solicitor, and *Albert A. Baker*, Assistant City Solicitor, for City of Providence.