HANNAFORD v. HANNAFORD.

APPEAL AND ERROR—RIGHT OF APPEAL LOST BY DELAY NOT LATER
RESTORED BY COURT ORDER.

Where the record shows that no appeal fee was paid and
no claim of appeal was filed within the time required
by statute and the rules of the court, and there was
no extension of time granted within the 20-day period
following notice of the entry of the order appealed from,
defendant's right to appeal was lost and was not there-
after restored by an order of the court granting an ex-
tension of time in which to perfect an appeal.

Appeal from Berrien; Dingeman (Harry J.), J.,
presiding.    Submitted April 16, 1924.    (Docket No.
81.)    Decided June 2, 1924.

Bill by Horace Hannaford against Esther Hanna-
ford for a divorce: On petition of defendant to modify
a decree for plaintiff.    From an order denying the
petition, defendant appeals.    Appeal dismissed.

*W. J. Barnard,* for plaintiff.

*Walter M. Nelson,* for defendant.

McDONALD, J.    This is an appeal from an order dismissing a petition filed by the defendant to modify a decree for divorce.    The parties were members of the Israelite House of David at Benton Harbor, Michigan; they were married on September 6, 1914.    On June 4, 1920, the plaintiff filed a bill for divorce on the ground of desertion.    Personal service of the summons was had upon the defendant.    No appearance was entered by or for her, and on January 3, 1921, without further service or notice to her, an amended bill of complaint was filed charging extreme cruelty and adultery.    On the same day that the amended bill was filed the defendant's default was entered and a decree taken against her on the ground of desertion, extreme cruelty and adultery.    An alleged copy of this decree was mailed to the defendant and received by her at her home in Detroit.    This copy failed to state that the court had rendered a decree on the ground of adultery and cruelty, but stated the ground as desertion.    The defendant did not learn that she had been found guilty of adultery by the decree of the court until February 16, 1923.    She at once caused to be filed a petition for modification of the decree, alleging fraud.    The plaintiff filed a motion to dismiss the petition and an order of dismissal was entered by the circuit judge on the 17th of April, 1923.    It is conceded that the defendant had notice from the clerk of the court on June 27, 1923, of the entry of this order.    On July 25th, she filed a motion for a rehearing of the petition and for an extension of time within which to perfect an appeal.    This motion was not noticed for hearing and was not heard or determined by the circuit judge, but on the 3d day of August, 1923, he granted an extension of time in which to perfect the appeal.

The record shows that the fee was not paid and no claim of appeal was filed within the time required by

statute and the rules of this court. Nor was there any extension of time granted within the 20-day period following notice of the entry of the order dismissing the petition. Under these circumstances the defendant's right to appeal from the order entered was lost and was not restored by the order of the court made on the 3d day of August, 1923.

The appeal is therefore dismissed.

CLARK, C. J., and BIRD, SHARPE, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred.