CITY OF LANSING v. EATON CIRCUIT JUDGE.

APPEAL AND ERROR—MANDAMUS WILL ISSUE DIRECTING ENTRY OF ORDER EXTENDING TIME FOR PERFECTING APPEAL WHERE ORDER MADE BUT INADVERTENTLY NOT ENTERED.

Where, in a petition for a writ of mandamus directing the circuit judge to enter an order *nunc pro tunc* extending the time to perfect an appeal, it is positively alleged

that an order extending the time was asked for and granted within the 20 days, but not entered through inadvertence, and the answer of the judge does not expressly deny the fact, as required by Supreme Court Rule No. 13, but contains an element of doubt, which is further increased by the admissions of the judge, the question should be resolved in favor of petitioner and the writ issue, if necessary.[1]

Mandamus by the city of Lansing to compel Russell R. McPeek, circuit judge of Eaton county, to enter an order extending the time to perfect an appeal. Submitted November 24, 1925. (Calendar No. 32,101.) Writ granted December 22, 1925.

*D. G. F. Warner* and *Dean W. Kelley,* for plaintiff.

*Rosslyn L. Sowers* and *Elmer N. Peters,* for defendant.

BIRD, J.   In November, 1924, A. C. Trowbridge and other residents of Eaton county filed their bill in the Eaton circuit court complaining of the city of Lansing for the manner in which it disposed of its garbage on its 250-acre farm, and charging that the same resulted in a nuisance, and praying for an injunction to restrain the further maintenance of it.   Issue was joined and the case went to a hearing in January, 1925.   On February 16th the issue was determined in favor of plaintiffs, and defendant was given 30 days in which to abate the nuisance.   The decree was settled on February 28th before this defendant, and on that day the time for abatement was extended to August 1st, in view of the fact that the city desired to take an appeal.   A transcript of the testimony was obtained and a case prepared and presented to the attorneys for the plaintiffs on the 12th day of June, 1925.   The same was examined and soon after returned to defendant without change.   When pre-

---

[1]Mandamus, 38 C. J. §§ 153 (Anno), 608.

sented to the judge for his signature plaintiffs' attorneys objected to its being signed, alleging as a reason therefor that defendant's attorneys had obtained no extension of time beyond the first 20-day period. After some discussion, whether the city attorney applied for further time, and whether the same was granted, the circuit judge declined to settle and sign the case. Defendant's counsel then filed a motion showing that such further time was applied for and granted, and asked the court that an order extending the time to 60 days might be entered *nunc pro tunc* as of February 28, 1925. This application was denied by the court. Defendant's counsel now asks this court for a mandamus requiring defendant, in this proceeding, to comply with said request.

On February 28th, the day on which the decree was signed, there were several questions discussed before the court. The decree was discussed, and the time fixed for the abatement of the nuisance was discussed, together with the city attorney's application for an extension of the time to August 1st, in order that the city might have the matter reviewed by this court. The question of getting the case on the calendar of this court for the June term was also discussed. When that hearing ended, it appears to have been understood by the court and all of the counsel that the abatement would be extended to August 1st, and that the matter would be before this court in the June term, and the court and opposing counsel now concede that it was expected that an extension of time would have to be granted in which to prepare the case, but the point is made, and this is the only point in the case, that no application for the order of extension was applied for or made.

At the hearing of the city's motion to enter the order *nunc pro tunc*, considerable discussion was indulged in between court and counsel. This discussion

was taken by the stenographer and is now embodied in the court's return.   This perhaps shows the mental attitude of the court better than can be stated:

"*The Court:* Oh, I think it was commonly talked there that Mr. Smith could not get out the record within the 20 days, as far as that is concerned.   That would be true, would it not, Mr. Sowers, and Mr. Peters?

"*Mr. Peters:* I think that is true.

"*Mr. Sowers:* Yes, I think so.

"*The Court:* Now, wouldn't this be a fair statement of this situation, that what was said and done on the occasion of that meeting with the court and counsel, that everything said and done at that time, while there may have been no specific mention of the entry of an order extending the time for settling this case, that notwithstanding that fact, everything said and done contemplated that such an order would be made, of course, in harmony with the other steps taken for the perfection of the appeal.   Would that be a fair statement?

"*Mr. Sowers:* Well, I would hardly contemplate, if it was not mentioned at all, and nothing was said with regard to the order extending time.

"*The Court:* Well, Mr. Sowers, wouldn't an agreement that the preparation of the case be extended— so that it might be heard at the June term, some three months ahead—wouldn't that at least contemplate that the necessary steps would be taken to perfect the appeal?

"*Mr. Sowers:* Well—

"*The Court:* It seems to me that would be a fair statement, that it contemplated that they would do it, otherwise we would not have been there considering the extension of the time for enforcement of the injunction to August 1, wouldn't have been considering getting a hearing at the June term, if we hadn't at least contemplated that the necessary steps would be taken to bring those things about.   I am not saying that special mention was made of that fact, because I think, as Mr. Peters suggested, that it was not, and as you have said here.   I don't recall that there was specific mention, but I cannot see that it is an unfair

statement to say that what was said and done contemplated that that would be done."

The petition and affidavit of defendant in this proceeding show:

"And said city of Lansing, petitioner herein, avers that on the 28th day of February, 1925, such order extending the time for settling said case on appeal was asked for and granted with the consent, acquiescence and understanding of attorneys for plaintiffs then and there present, and that the failure to actually enter said order was a mere inadvertence."

The affidavit of the city attorney is to the same effect. It is further shown, and not controverted, that on the 28th day of February the claim of appeal of the city was filed, the fee paid and the certificate of the stenographer was filed. The return shows that while the court is very strongly of the opinion that the city attorney asked for no order, and none was granted, he concedes it was understood he was to have further time, that there was no objection to granting further time, that he was willing to grant further time, and that the city attorney took the steps that were necessary to obtain further time. Plaintiff's counsel in that litigation understood that defendant would have to have further time because the record was very long, containing nearly 1,400 pages. They co-operated with counsel in his effort to have the case heard at the June term, and noticed the case for hearing.

In view of the fact that we have before us a petition in which it is positively alleged that an order was asked for and granted, and the answer does not expressly deny the fact, as required by Supreme Court Rule No. 13, but contains an element of doubt, which doubt is further increased by the admissions of the court, we think we should resolve this question in favor

of the petitioner.   The writ, if necessary, may issue directing that an order *nunc pro tunc* may be entered as prayed.

No costs will be allowed either party.

McDONALD, C. J., and CLARK, SHARPE, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred.