## MICHIGAN GUARANTY CORPORATION *v.* SAGINAW CIRCUIT JUDGE.

1. APPEAL AND ERROR—PERFECTING APPEAL—EXTENSION OF TIME —JURISDICTION.

Where counsel takes necessary steps to perfect an appeal within 20 days after filing of the decree, and obtains an extension of time therefor, the jurisdiction of the court to further extend such time is continued, within statutory limitations, whether application therefor is made before or after the expiration of the first extension of time.[1]

2. SAME—PERFECTING APPEAL—EXTENSION OF TIME—DISCRETION OF COURT—GOOD CAUSE SHOWN.

After the expiration of the first extension of time to per-

[1]Appeal and Error, 4 C. J. §§ 1991, 1993.

fect an appeal, the court may allow further extension, in its discretion, within statutory limitations, on good cause shown, after notice to the adverse party or by written stipulation of counsel; such requisites applying whether such application is made before or after expiration of first extension.[2]

3. SAME — PERFECTING APPEAL—EXTENSION OF TIME—MERITS OF CASE NOT CONSIDERED.

In reviewing an order denying a motion for an extension of time to perfect an appeal, the merits of the case are foreign to the issue presented.[3]

4. SAME — EXTENSION OF TIME—STIPULATIONS—DELAY OF COURT OFFICIAL.

While neither an oral agreement or written offer to stipulate for extension of time to perfect an appeal is, alone, legal ground for an extension of time beyond the first, it may, if relied upon in good faith by counsel not otherwise delinquent, be a moving consideration for the court to give opportunity to present the case for settlement thereafter, where delay beyond the extension is primarily imputable to the failure of the official stenographer, who is an officer of the court, to furnish a transcript of the testimony.[4]

5. SAME—EXTENSION OF TIME—DELAY—LACHES.

The delay of counsel for two months in settlement of case after the expiration of the first extension of time to perfect an appeal, due primarily to failure to receive an ordered transcript of the testimony, and who diligently pursued efforts thereafter for a further extension, does not constitute laches.[5]

6. SAME—JURISDICTION—WHEN LOST MAY NOT BE RESTORED BY STIPULATION OR COURT ORDER.

When jurisdiction of the court is once lost for failure to obtain an extension of time to perfect an appeal, it cannot be restored by stipulation of counsel or even an order of the court.[6]

Mandamus by the Michigan Guaranty Corporation to compel William H. Martin, circuit judge of Saginaw county, to vacate an order denying a motion for an ex-

[2]Appeal and Error, 4 C. J. §§ 1993, 1994; [3]Mandamus, 38 C. J. §680; [4]Appeal and Error, 4 C. J. § 1995; [5]Id., 4 C. J. § 1998; [6]Id., 4 C. J. § 1991 (Anno).

tension of time to perfect an appeal.   Submitted April 6, 1926.   (Calendar No. 32,432.)   Writ granted April 30, 1926.

*Norris, McPherson, Harrington & Waer* and *Willard J. Nash,* for plaintiff.

*Robert Brucker* and *R. L. Crane,* for defendant.

STEERE, J.   Plaintiff herein, hereafter called relator, seeks by mandamus an order requiring defendant to vacate his order refusing extension of time in which to perfect an appeal in a chancery suit entitled Bert G. Atherton *v.* Colin A. McDonald, Michigan Guaranty Corporation *et al.,* begun and heard in the circuit court of Saginaw county.   Decision in that suit was adverse to the defense, and, considering itself aggrieved, relator proposed to appeal.   Its headquarters and principal office were in Grand Rapids, where its attorneys were located, while plaintiff's attorneys were in Saginaw.   A final decree in harmony with the announced decision was settled in form by agreement of counsel, signed by the court and filed on or about July 13, 1925.   A reply, dated July 22, 1925, by plaintiff's counsel at Saginaw to a letter from petitioner's counsel in Grand Rapids, received by the latter July 23, 1925, contained the following:

"Yours of the 21st instant received and I have filed the decree filed (signed?) by Judge S— today.   I take it that you contemplate going higher, and if so, if you want more time, send me stipulation and I will sign and return, although I think you have no show for success should you appeal.   You are far from home, and if there are any courtesies that you desire, let me know."

After learning the decree had been filed, petitioner's counsel seasonably, and within the 20-day period, filed its claim of appeal, paid the statutory appeal fee to

the clerk of the court, ordered a transcript of the testimony from the court stenographer, secured and filed his certificate and obtained an order from the judge who heard the suit, the record of which reads as follows:

"It appearing in said cause that a claim of appeal in writing has been filed by the defendant, Michigan Guaranty Corporation, the proper fee paid to the clerk and the certificate of the stenographer, stating that a transcript of the testimony has been ordered and that the same will be furnished as soon as possible, has been filed and the court being fully advised in the premises:

"It is ordered, adjudged and decreed that the time within which to settle a case, perfect an appeal, etc., in this cause be and is hereby extended sixty (60) days from and after August 1, 1925."

This extension of time expired October 1, 1925, and, failing to timely receive the ordered transcript of testimony, relator's counsel wrote the stenographer on September 25, 1925, asking about it, but receiving no reply again wrote him on October 6th making like inquiry to which the stenographer replied on October 9th that it would be impossible to furnish the same for a week or ten days thereafter. He did not, however, furnish it until October 28, 1925, when petitioner's counsel promptly proceeded to prepare the case for settlement, but did not apply for a second order extending the time, relying, as he claimed, on the written assurance of plaintiff's counsel that the same would be stipulated when he had ready his draft of the case for settlement. On November 12, 1925, he received a letter from plaintiff's counsel demanding payment of the amount decreed, and on the 13th replied explaining the situation, advising he would soon have his proposed case ready to settle, called attention to the letter of July 22d offering to stipulate for additional time if wanted, and inclosed a prepared stipu-

lation which he asked plaintiff's counsel to sign.    To this he received a reply expressing a willingness of plaintiff's counsel to accommodate in matters· not detrimental to the substantial rights of his client, but claiming the court's jurisdiction to settle the case was lost and a consequent unwillingness to then stipulate away a substantial right of his client.    Some correspondence between counsel followed resulting in refusal of plaintiff's counsel to consent to any extension of time and a further demand for payment of the amount decreed.

Defendant thereupon furnished an appeal bond in the penal sum of $5,000 and made a motion for its approval with extension of time in which to perfect its appeal, which was noticed for hearing on December 21, 1925.    It was on that date called up and argued before the judge who had presided at the hearing, who orally announced a denial of the motion but no order of denial by him was ever recorded.    A further motion was thereupon prepared by relator's counsel asking for a change in such ruling based on his affidavit and the files and records of the case.    The holiday season, followed by resignation on January 1, 1926, of the judge who heard the suit, prevented the motion being heard by him.    Relator's counsel then made a motion of similar import and noticed it for hearing on January 18, 1926, before defendant herein, who had succeeded to the position of the retiring judge.    After hearing counsel defendant entered two orders, the first denying the original motion brought before his predecessor on December 21, 1925, by an order *nunc pro tunc* as of that date, and the second denying the later motion for approval of the appeal bond and extension of time, noticed for hearing before him on January 18, 1926.

His reasons for denying an extension of time to settle the case, as we gather from defendant's return,

are, briefly stated, inexcusable delay on the part of relator's counsel in preparing and presenting his proposed case for settlement and—

"the time expiring October 1st, relator should have made a motion asking for an order extending the time or obtained a stipulation to that end before October 1st, but doing nothing save write the stenographer, asking when the transcript would be furnished, its right of appeal was lost."

There certainly was no delay due to neglect of relator's counsel up to October 1, 1925. He had within the 20-day period taken every prescribed step in the process of appeal essential to preserve his right thereto, including extension of time to that date based on certificate of the court's stenographer. The court's jurisdiction to further extend the time was thereby continued in full force, whether application was made therefor before or after October 1st. While relator was entitled as a matter of right on *ex parte* application to the first and only extension of time granted, the case thereafter stood in process of appeal with jurisdiction in the circuit judge to, in his discretion, allow further time within statutory limitations on good cause shown after notice to the adverse party, or by written stipulation of counsel. Those requisites alike apply to obtaining a second order of extension whether application be made therefor before or after the preceding extension has expired.

In apparent justification of his theory of culpable delay on the part of relator's counsel, defendant adverts to lack of merit in the defense, and the fact that "all the testimony given did not consume but part of one day." The merits of the case are foreign to this proceeding. No question was raised as to amount or sufficiency of the appeal bond tendered, which would secure payment of plaintiff's decree with interest and costs if relator's appeal proved to be without merit.

The belated transcript of testimony finally furnished by the stenographer on October 28, 1925, contained 81 typewritten pages.   The stenographer was an officer of the court and had certified officially within the 20-day period following the decree that relator had ordered a transcript of the testimony and it would "be furnished as soon as possible."   Relator's counsel could not proceed with preparation of the case for settlement without it, and if there was any unnecessary delay prior to October 28th it was imputable to an officer of the court, over whom relator had no control. We are not advised, however, what orders had been given for transcripts of testimony in cases preceding this, nor to what extent that officer's time was demanded for his daily court duties in the Saginaw circuit court, but he had officially certified that this testimony would be furnished as soon as possible, and presumptively it was.

Relator's attorney showed that, on receipt of the transcript, he at once proceeded to prepare the case for settlement without applying to the court for further extension of time, in reliance on the written assurance of opposing counsel that if he wanted more time a stipulation would be signed when sent to him. Time taken in good faith to communicate with opposing counsel on the subject, and send him a stipulation for signature as the latter had suggested, was not under the circumstances an unreasonable delay.   When finally fully disillusioned relator's counsel applied to the court for relief with reasonable dispatch.   While neither an oral agreement or written offer to stipulate for extension, standing alone, can technically be taken by the court as legal ground for extending time, it may, if relied upon in good faith by counsel not otherwise delinquent, be a moving consideration for the court to give opportunity to present a case for settlement beyond the first extension of time, when delay

beyond the time first granted is primarily imputable to an officer of the court.

Under the circumstances disclosed here, we cannot agree with defendant's conclusion that "the delay and laches of relator in not obtaining an order for extension of time between October 1st and November 13, 1925, is not explained or accounted for." The "some two months delay," upon which defendant dwells as unreasonable, was exceeded by nearly seven months in *Walker* v. *Wayne Circuit Judge*, 226 Mich. 393, where a decree dismissing the case was entered October 31, 1922. Within the 20-day period time for settlement of the case was extended for 60 days and no application was made to the court for further time until September 25, 1923, the main excuse for such delay being reliance on an oral stipulation with opposing counsel for extension of time, which the court there not only properly refused to recognize as valid for maintenance of any legal right, but refused to consider it as a mitigating circumstance in the exercise of a reasonable discretion. This was held an abuse of discretion.

Here relator's first motion for extension of time was apparently noticed on opposing counsel about December 14, 1925, and the subject was diligently pursued by subsequent proceedings before the out-going and in-coming judges. Under the attending circumstances, no laches can be attributed to relator while those proceedings were pending. When and before it reached defendant relator's proposed case for settlement was all ready, with exception of a few exhibits in possession of opposing counsel.

We find no occasion to countenance any imputations of unfairness or lack of honest purpose on the part of counsel for either side. The differences between them in this case may well be attributed to an honest misunderstanding. We are impressed, however, that

the court and plaintiff's counsel inclined to unduly stress the significance of the expiration of time at the end of the 80-day extension before an application for further time was made. Both emphasize the fact that relator's right of appeal was absolutely lost and seem to entertain the view that further extension of time would deprive plaintiff in that case of a substantial right which previously existed. In his argument along that line defendant's counsel (here) cites *Hannaford* v. *Hannaford*, 227 Mich. 410; *Bilakos* v. *Robbins-Grayer*, 228 Mich. 655; *Safety Tag Patents Co.* v. *Michigan Tag Co.*, 230 Mich. 84; *City of Lansing* v. *Eaton Circuit Judge*, 232 Mich. 690; all of which simply sustain the well-settled proposition that unless extension of time is first asked within the 20-day period jurisdiction of the court to settle the case is lost. The *Lansing Case* also holds that where conflicting testimony leaves an element of doubt as to whether an order extending the time was asked for and orally granted within the 20-day limit, that question should be resolved in favor of the appellant.

If a stipulation for extension of time made after expiration of 20-day limit in which there had been no extension was valid, it would of course stipulate away a substantial right of the appellee; but when the court's jurisdiction is once lost it cannot be restored by stipulation of counsel or even an order of the court.

We are of opinion this case is analogous in controlling features to and governed by *Walker* v. *Wayne Circuit Judge, supra.*

The writ prayed for will issue, with costs to relator.

BIRD, C. J., and SHARPE, FELLOWS, WIEST, CLARK, and MCDONALD, JJ., concurred. SNOW, J., did not sit.