MacGREGOR v. MARTIN.

1. APPEAL AND ERROR—PERFECTING APPEAL—EXTENSION OF TIME—
    STIPULATION MUST BE FILED WITHIN 20-DAY PERIOD—STATUTES.
       Under Act No. 4, Pub. Acts 1925, providing that parties
       may, by stipulation, extend the time for perfecting an ap-
       peal beyond the 20-day period allowed as matter of right by
       3 Comp. Laws 1915, § 13754, the stipulation, to be effective,
       must be filed within 20 days after decree; the intent of
       the statute being to permit a stipulation, if filed in time,
       to accomplish the same purpose as a timely order of the
       court.

2. COSTS—INCURRED AFTER WITHDRAWAL OF MOTION TO DISMISS
    APPEAL AWARDED APPELLANTS.
       On granting plaintiffs' motion to dismiss defendants' ap-
       peal, costs of printing the record and defendants' brief are
       awarded to them, if printed subsequent to the withdrawal,
       by stipulation, of a former motion to dismiss.

Appeal from Washtenaw; Sample (George W.), J.
Submitted January 12, 1927. (Docket No. 84.) De-
cided April 1, 1927.

Bill by Anna MacGregor and another against Harry
G. Martin and another to set aside a land contract,
and for an accounting. From a decree for plaintiffs,
defendants appeal. Dismissed.

*Carl H. Stuhrberg,* for plaintiffs.

*Carlos A. Reading* (*Cavanaugh & Burke,* of coun-
sel), for defendants.

WIEST, J. At the hearing of this case plaintiffs'
motion to dismiss defendants' appeal was submitted
and must first be considered. Decree was entered
in the circuit October 20, 1925, claim of appeal filed

[1]Appeal and Error, 3 C. J. § 1083; [2]Costs, 15 C. J. § 666.

October 22, 1925, stenographer's certificate, showing transcript had been ordered and would be furnished as soon as possible, was filed October 31, 1925, stipulation by counsel, dated November 9, 1925, extending time for taking and perfecting appeal for 90 days after November 9th, was filed November 22, 1925, and an order, extending time 90 days from November 9th, filed November 20, 1925.    There was also a subsequent stipulation extending time, followed by two orders. The motion is on the ground that the stipulation was not filed and no order was made within 20 days after decree, and the point is that unless the time is extended within the 20 days, power to extend beyond the 20 days is lost.    Decision turns upon the provisions of Act No. 4, Pub. Acts 1925.    That statute was intended to soften the rigidity of former procedure by permitting parties in civil actions, through their attorneys, to stipulate, in writing, for a longer period than 20 days after decree for taking and perfecting an appeal.    The statute provides:

"The time for taking and perfecting any appeal may be extended for a longer period than said twenty days by stipulation in writing by the attorneys for the respective parties filed with the clerk of the court or by an order of the circuit court in which such decree and order was rendered or the judge of such court at chambers."    *    *    *

To get the sense of "said twenty days" this must be read in connection with section 13754, 3 Comp. Laws 1915:

"Any party desiring to appeal from the order or decree of the circuit court in chancery shall, within twenty days after the entry of such order or decree, file or cause to be filed a claim of appeal."    *    *    *

This 20 days constitutes a period of right given by the statute and requires no court order or stipulation. We have repeatedly held that an extension of time,

beyond the 20 days, must be made within the 20 days. See *Miley* v. *Grand Traverse Circuit Judge,* 217 Mich. 415; *Walker* v. *Wayne Circuit Judge,* 226 Mich. 393; *Schroyer* v. *Church,* 233 Mich. 283.    Under the statute of 1925, *supra,* extension of time beyond the 20 days may be by stipulation or court order, but, if by stipulation, it must be in writing and filed with the clerk of the court within the 20-day period in order to extend the time.    The 1925 statute does not abrogate any of our decisions as to time, but only permits a stipulation, if filed in time, to accomplish the same purpose as a timely order of the court.

We said in the *Schroyer Case, supra:*

"After the 20-day period had expired the court had no jurisdiction to settle the bill of exceptions or to grant further time therefor, though the parties stipulated that such an order might be made."

In *Michigan Guaranty Corp.* v. *Saginaw Circuit Judge,* 234 Mich. 581, we said:

"If a stipulation for extension of time made after the expiration of 20-day limit in which there had been no extension was valid, it would of course stipulate away a substantial right of the appellee; but when the court's jurisdiction is once lost it cannot be restored by stipulation of counsel or even an order of the court."

In the case at bar a stipulation was made within the 20 days, but this was not sufficient; it had to be filed with the clerk of the court within 20 days in order to accomplish the purpose allowed by statute. We are constrained to grant the motion.

Our records show a former motion made to dismiss the appeal on the same grounds and a stipulation between the then counsel for plaintiffs and defendants withdrawing the motion.    Other counsel now appears for plaintiffs and makes the present motion.    We call attention to this for its bearing upon the subject of

costs. If the record and the brief for defendants were printed after withdrawal of the first motion and before the filing of the present motion, defendants should be, and they are, awarded the costs thereof, to be taxed against plaintiffs.

The appeal is dismissed, without costs to plaintiffs.

Sharpe, C. J., and Bird, Snow, Steere, Fellows, Clark, and McDonald, JJ., concurred.