WOLVERINE PACKING CO. *v.* OCEANA CIRCUIT JUDGE.

1. Appeal and Error—Statute Mandatory.
   The requirement of 3 Comp. Laws 1915, § 13754, that party desiring to appeal shall, within 20 days after entry of order or decree, file claim of appeal and pay statutory fee, is mandatory, and, unless complied with, the appellate court is without jurisdiction to entertain the appeal.

2. Same—When Party "Takes" Appeal.
   Under 3 Comp. Laws 1915, § 13754, party desiring to appeal, who files his claim therefor and pays the statutory fee within 20 days after entry of order or decree appealed from, "takes" an appeal to the Supreme Court.

3. Same—Time for "Taking" Appeal May be Extended.
   Under 3 Comp. Laws 1915, § 13755, providing in express terms that "the time for taking or perfecting any appeal" may be extended; the time limited for filing a claim of appeal and paying the statutory fee may be extended by order of the court which granted the decree within the 20 days limited by section 13754 for taking such action.

Mandamus by Wolverine Packing Company, a Michigan corporation, to compel Joseph Barton, Oceana circuit judge, to settle a case on appeal. Submitted January 7, 1930. (Calendar No. 34,708.) Writ granted March 6, 1930.

*A. A. Keiser* and *Oscar E. Waer*, for plaintiff.

*Hinds & Kelly*, for defendant.

SHARPE, J. On July 31, 1929, a decree dismissing the bill of complaint in a suit in which the Wolverine Packing Company was plaintiff and O. E. Hawley *et al.* were defendants was signed by the defendant circuit judge. Immediately following this action, the defendant signed an order providing

—"that the time for plaintiff * * * to take an appeal and settle case made, be and is hereby extended sixty days from and after the expiration of the twenty days allowed by the court at the time of the signing of the decree in said cause."

The decree was filed on August 3, 1929, and the order on August 17th following. On August 10, 1929, the parties stipulated, in writing, that the appeal in the instant case should control ten other cases in which a similar decree was made, and this stipulation was also filed on August 17th. On September 4th, the claim of appeal was filed and the statutory fee paid to the clerk.

Sections 13754 and 13755, 3 Comp. Laws 1915, read as follows:

"Any party desiring to appeal from the order or decree of the circuit court in chancery shall, within twenty days after the entry of such order or decree, file or cause to be filed a claim of appeal in writing with the clerk of the court where such decree or

order was entered, and shall also within the said twenty days pay a fee of five dollars to the clerk: *Provided,* That when any order or decree is entered in vacation, the time for taking an appeal shall be computed from the time of the service of notice of such decree as provided by law.

"The circuit court in which such decree or order was rendered or the judge of such court at chambers, or any justice of the Supreme Court may, upon cause shown and notice to the opposite party, extend the time for taking or perfecting any appeal: *Provided,* That the time for perfecting an appeal shall not be extended for more than one year from the entry of the order or decree appealed from: *Provided further,* That the time in which appeals may be taken and perfected may be extended, not exceeding six months from the expiration of the time herein specified, by the Supreme Court or one of the Supreme Court justices at chambers, when any party has been prevented from taking or perfecting such appeal by circumstances beyond his control. Such extension shall only be made on special motion and after a proper showing." (See further amendment to this section. Act No. 4, Pub. Acts 1925.)

The question here presented is whether the time limited for filing a claim of appeal and paying the statutory fee may be extended by an order of the court which granted the decree within the 20 days limited by section 13754 for taking such action.

This court has uniformly held that the requirement in section 13754 is mandatory, and that, unless the claim of appeal be filed and the fee paid within 20 days after the entry of the decree, the appellate court is without jurisdiction to entertain the appeal. Among the late cases so holding are *Guthrie* v. *Leelanau Circuit Judge,* 197 Mich. 321; *Potaschnik* v. *Kaimola,* 216 Mich. 406; *Bilakos* v. *Robbins-Grayer,* 228 Mich. 655; *Michigan Guaranty Corp.* v. *Saginaw*

*Circuit Judge,* 234 Mich. 581; *MacGregor* v. *Martin,* 238 Mich. 186; *Woodliff* v. *Building & Realty Co.,* 240 Mich. 413.

A party, to obtain the benefit of an appeal, must, under this section, file his claim therefor and pay the required fee. By doing so he "takes" an appeal to this court. The proviso to this section, *"Provided,* That when any order or decree is entered in vacation, the time for taking an appeal shall be computed from the time of the service of notice of such decree as provided by law," clearly indicates an intent on the part of the legislature to so construe the word "taking" used therein.

Section 13755 provides in express terms that "the time for taking or perfecting any appeal" may be extended by the circuit court in which the decree was rendered or by the judge of such court at chambers, with limitations thereon not here material. If the word "taking" be construed to mean the filing of the claim for appeal and payment of the fee, as it is apparent the legislature intended from the proviso to section 13754, above quoted, the conclusion inevitably follows that the trial court had the power to make the order in question.

The only case in this court in which the question was presented, so far as I have been able to find, is *Puffer* v. *Clark,* 202 Mich. 169. An examination of the record in that case discloses that the decree was filed on September 14, 1914, and that the claim of appeal was not filed until January 25, 1915. In the statement of facts, Chief Justice Ostrander said (page 184):

"Time to appeal from the decree was extended from time to time, and time was also given to appeal from the order denying the petitions for rehearing,"

And, in disposing of this question, he said: ''I consider whether it is true, as is claimed, that this court is without jurisdiction to hear and determine the appeals because they were made too late,'' and held that the court had ''jurisdiction'' to make the order extending the time.

The order of the defendant refusing to settle the proposed case on appeal will be set aside, and a writ issued directing the defendant, or his successor in office, to assume jurisdiction and sign the same. No costs will be allowed.

Wiest, C. J., and Butzel, Clark, McDonald, Potter, North, and Fead, JJ., concurred.