MARTIN *v.* WASHTENAW CIRCUIT JUDGE.

1. COURTS—CIRCUIT COURT STENOGRAPHER IS COURT OFFICER.
   Official circuit court stenographer is officer of court as far as furnishing transcript of testimony is concerned.

2. APPEAL AND ERROR—EXTENSION OF TIME FOR PERFECTING APPEAL—ABUSE OF DISCRETION.
   Where delay in perfecting appeal was caused by failure of court stenographer to furnish transcript of testimony within exten-

sion period, refusal of court to grant further extension because motion therefor was not made prior to final day of extension was abuse of discretion.

Mandamus by Harry G. Martin to compel George W. Sample, Washtenaw circuit judge, to grant an extension of time to settle a bill of exceptions. Submitted January 6, 1931. (Calendar No. 35,305.) Writ granted February 27, 1931.

*Minor A. Sweet,* for plaintiff.

*Cavanaugh & Burke* and *Louis E. Burke,* for defendant.

BUTZEL, C. J. Harry G. Martin, petitioner, seeks mandamus to compel respondent to sign and enter an order extending the time of settling transcript of evidence on appeal. Petitioner as plaintiff brought suit against Richard Kearns *et al.* in the circuit court for the county of Washtenaw, in chancery. On May 24, 1930, a decree was filed from which petitioner sought an appeal. Petitioner caused the affidavit of the official court stenographer certifying that a transcript had been ordered to be filed and secured an *ex parte* order extending the time for perfecting the appeal to and including the 12th day of August, 1930. He paid the stenographer a deposit of $15 on the cost of the transcript. On June 19, 1930, he received a letter from the stenographer stating that she was spending her summer vacation in Europe and would be unable to furnish the transcript until her return the latter part of September. On the 13th day of August, 1930, petitioner mailed a stipulation to counsel for defendants, and a proposed order to that effect, extending the time for perfecting the appeal to October 12th;

he explained to them the reasons for the delay. Attorneys for defendants refused to sign the stipulation. Thereupon, on the 18th day of August, 1930, petitioner filed a motion to extend the time. He stated in proper form all the facts regarding the appeal and the delay caused through no fault of his own. He gave due notice of the motion to opposing counsel. The motion was heard on August 27th. Respondent denied the motion for the sole reason that there was not a sufficient showing why the motion had not been made prior to the 12th day of August, 1930, the date to which the time for perfecting the appeal had in the first instance been extended.

The stenographer was an officer of the court as far as furnishing the transcript was concerned. *Michigan Guaranty Corp.* v. *Saginaw Circuit Judge,* 234 Mich. 581. The court should have granted petitioner's motion for an extension of time, and the refusal amounted to an abuse of discretion. On his showing he was entitled to an extension of time until the stenographer could furnish a transcript upon her return in September. Inasmuch as a considerable delay has been caused on account of the mandamus proceeding, the time for perfecting the appeal should be extended to 30 days from the time of the filing of this opinion. In case of respondent's failure to do so, mandamus will issue.

WIEST, CLARK, McDONALD, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred.