[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 89 
The controversy is between appellant Detroit Trust Company, as trustee-mortgagee in real estate mortgage to secure a bond issue, and appellee St. Clair Heights Syndicate, Ltd., owner of the property secured by the mortgage. In a condemnation proceeding in the city of Detroit the jury returned a joint verdict for damages for taking part of the premises and did not "apportion and award to the parties in interest such portion of the compensation as it shall deem just," as the city charter provides (title 8, chap. 1, § 8). The verdict was entered February 16, 1932. *Page 90 
April 26th, on alternative motion of appellee to amend the award by striking appellant's name therefrom or to cause the respective damages of these parties to be determined and separate awards made, the court entered an order amending the verdict by striking out appellant's name. April 30th, appellant took this appeal as of right and without leave of court. The verdict, as amended, was confirmed on July 21st. No appeal was taken by appellant from the judgment of confirmation.
A question of practice is presented. After the record reached this court, and on September 28, 1933, appellee moved to dismiss the appeal because it was taken without leave and on the ground that this court has no jurisdiction. After argument in this court, appellant petitioned for delayed appeal by certiorari or mandamus to the order of amendment and by general appeal from the judgment of confirmation.
The court rules of 1931 made no change in the practice that appeal of right is proper only from a final judgment or order. The appeal in condemnation proceedings is "the ancient review on error." Morgan v. City of Detroit, 251 Mich. 63.
The order amending the verdict was, in effect, a ruling in the course of trial, not a final judgment. If reviewable, whether by mandamus or certiorari, leave was required. Delayed appeal by either writ cannot now be allowed because final judgment of confirmation has intervened, entered when this court had no jurisdiction of the condemnation proceedings. This court can take jurisdiction only on appeal from the judgment of confirmation.
The Detroit charter (title 8, chap. 1, § 12), like 1 Comp. Laws 1929, § 3797, requires notice of appeal to be filed within five days after confirmation, but — *Page 91 
"Such appeal shall be perfected within the same time and prosecuted as an appeal in chancery, as near as may be, subject to the provisions of this act."
The statute governing chancery appeals (3 Comp. Laws 1929, § 15510), authorizes this court to extend the time for taking and perfecting an appeal not exceeding one year and six months. "Taking" an appeal consisted in filing a claim therefor and paying the fee. Wolverine Packing Co. v. Oceana Circuit Judge,249 Mich. 599. Where it was not necessary to settle a case the appeal was thereby "perfected;" otherwise it was perfected when the case was settled and signed. 3 Comp. Laws 1929, § 15514.
Appellee contends that the language of the condemnation statute confines the chancery practice to proceedings for "perfecting," does not extend it to "taking," the appeal and shows clear intention of the legislature that the time for "taking" cannot be enlarged.
Obviously, the chancery practice adopted in condemnation proceedings is not confined to the procedure existing when the charter was adopted but was intended to be the practice in vogue at the time of appeal. The court rules of 1931 and 1933 were adopted in pursuance of legislative desire (Act No. 377, Pub. Acts 1927, and 3 Comp. Laws 1929, § 13604) that this court reassume its constitutional function to establish the practice. Constitution, art. 7, § 5. By section 13604 the legislature declared that the practice established by court rule for the exercise of appellate jurisdiction should prevail over statute. Under Court Rule No. 56, § 1 (1931), an distinction between "taking" and "perfecting" an appeal has been abolished. The word "taking" has been dropped and an appeal is "perfected" by *Page 92 
filing a notice of appeal. Consequently, the present effect of the language of the charter is that the notice of appeal must be filed within the time provided by rule. Court Rule No. 57, § 2 (1931), provides for appeal by leave of this court after the prescribed time and within the statutory period of one year and six months, on motion and showing of merits and want of appellant's "culpable negligence." The rule is applicable here.
The record shows no "culpable negligence" by appellant or its counsel. Appellant authorized appeal. Counsel acted promptly and vigorously but in the wrong way. Error of judgment is not the negligence condemned by the rule. The general condemnation judgment and the rights of the city and other owners are not affected by this controversy. Appellee has shown no injury or equitable considerations which would move the discretion of the court against allowing a delayed appeal. It withheld its motion to dismiss until after the record was printed and to the eve of argument and it seeks a technical method of working what may be a grave injustice.
The motion to dismiss is formally denied but with costs to appellee. The motion for delayed appeal from the judgment of confirmation is allowed, without costs, and, as the case has been presented on its merits, it will be so treated as here on general appeal.
Appellee contends that appellant's name properly was stricken from the verdict roll because compensation is by way of damages for loss from the taking and appellant made no showing that its security had been impaired.
Appellant contends it is entitled to the whole award but relies upon facts not in the record. *Page 93 
Whether the mortgagee is entitled to the whole award or to nothing is in dispute in other States. Local statutes must be consulted to appraise the decisions. 20 C. J. p. 856. In this State it has been held that, where all the security was taken, the mortgagee was entitled to the whole award. City of Detroit
v. Fidelity Realty Co., 213 Mich. 448. By an equally divided court, a ruling was affirmed that where the jury found that the taking of the condemned land did not impair the security of the mortgage the mortgagee was not entitled to part of the award.Detroit, etc., R. Co. v. First National Bank of Yale, 196 Mich. 660
. Under the Detroit charter it was the duty of the jury to apportion the award between appellant and appellee "as it shall deem just." Rentz v. City of Detroit, 48 Mich. 544. The apportionment, therefore, must depend upon the facts presented and is not governed by a hard and fast rule.
The property at bar is 200 feet deep; 46 feet, or 25 per cent. of it was condemned. That fact, together with its view of the premises, would justify the jury in finding that the mortgagee was damaged by the taking. It so found. To set aside its verdict in that respect the court would have to pass upon the facts, which it would have no right to do.
Appellee contends that the mortgagee has the burden of moving for a separate award and proving the amount justly due it. We find no such requirements in the charter. Apportionment was an ordinary incident of the duty of the jury. If the jury fails to do its duty, the court should direct it to apportion on its own motion or that of either party.
Because the jury found that the appellant was damaged by the taking and was entitled to some *Page 94 
part of the award the order striking its name from the verdict roll was error.
The judgment will be reversed as to the issue between appellant and appellee and the cause remanded for reinstatement of the joint award in the verdict roll, with leave to both parties to take such further action for apportionment of the award in the condemnation proceedings or otherwise as they may be advised, with costs to appellant.
McDONALD, C.J., and WEADOCK, POTTER, SHARPE, NORTH, WIEST, and BUTZEL, JJ., concurred.